RICHARD W. ISAAC *vs.* CALEB CLARKE.—*December,* 1837.

An appeal from the judgments of the county courts will not lie in all cases where a writ of error would lie.

The act of 1713, ch. 4, applies only to civil cases, and consequently does not embrace proceedings in cases of forcible entry and detainer.

A certiorari having issued from the county court to bring before them certain proceedings which had been had before justices of the peace upon a writ of forcible entry and detainer, and the county court having overruled exceptions taken thereto, upon which the record was brought by appeal to this court, it was *held* that it would not lie, and the appeal was dismissed.

*Quere,* whether the court would have had jurisdiction, if the record had been brought up by writ of error?

APPEAL from *Prince George's* county court.

On the 27th April, 1835, the appellant filed his petition in *Prince George's* county court, suggesting that on the 17th June, 1826, *Francis Belmear* purchased at sheriff's sale certain tracts of land lying in said county and called, &c. that he sued forth writs of *hab. fac.* to obtain possession, but their execution was rendered unnecessary by the tenants delivering possession to him and agreeing to pay said *Belmear* rent—that *Belmear* conveyed the land in fee to the wife of your petitioner, and that your petitioner became possessed of said land by his tenants : That while he was so possessed a certain *Caleb Clarke* entered upon the dwelling house, claiming it, refused to give it up, pushed your petitioner from the door, and forbid his entering the same. That said *Clarke* then sued out a writ of forcible entry and detainer against your petitioner returnable on the 20th March, 1835. That your petitioner objected to proceeding under said writ for want of notice, but the justices of the peace forced on a trial; the jury returned a verdict against your petitioner, and the jus-

tices awarded restitution to said *Clarke*. The petition then proceeded to allege various grounds of irregularity in the process, the want of notice and misconduct of the justices, and prayed for a *certiorari* to remove the cause into *Prince George's* county court.

On this petition the county court awarded a *certiorari* directed to the justices, commanding the return of the inquisition, and all proceedings under it as it remains before the said justices, &c. and the justices accordingly returned all the proceedings. In the county court the appellant took various exceptions to the proceedings before the justices, which the court overruled, except that complaining of the allowing of costs by the justices, which the court sustained. The appellant thereupon appealed to this court.

At this term the appellee moved to dismiss the appeal, on the ground that no appeal would lie, from the judgment of the county court in this case.

This motion was argued before ARCHER, DORSEY, and CHAMBERS, Judges.

C. C. MAGRUDER, for the motion.

The proceedings here were to regain possession after a forcible expulsion, which is a criminal proceeding, and from which no appeal lies. 2 *Chitty's Gen. Prac.* 233, 236. The act of 1785, ch. 87, sec. 6, is the only one which gives an appeal in a criminal case in this state, and it only applies to penalties. If this was to recover a fine, an appeal would lie. *Queen vs. The State*, 5 *Har. and John.* 232. The right of appeals is confined to the cases enumerated in that act. That declares that any party or parties aggrieved by any judgment or determination of any county court in any civil suit or action, or any prosecution for the recovery of any penalty, fine, or damage, shall have power to appeal. We deny that this is a civil suit or action, or that it is a prosecution for the recovery of a penalty, fine, or damage. The remedy is by writ of error.

THOS. DUCKETT, for the appellant, contended :

The appellee's is a motion to dismiss the appeal because it will not lie, under the act of 1785, ch. 87, sec. 6. It becomes an act of supererogation to attempt to show by argument *upon the words of the act of* 1785, *ch.* 87, *sec.* 6, that the appeal in this case has been well taken, since there is no doubt, that before the act referred to, a writ of error would have been sustained ; and this court themselves have most lucidly declared in *Queen vs. The State,* 5 *Har. and John.* 232, that the only effect of the act in question, in reference to cases in which a writ of error would have laid before the passage of the act, is to give the party entitled to it, the option to take either a writ of error or an appeal—or in other words, to remedy inconvenience and prevent expense, the act of 1785, enabled the party complaining of error in the court below, to appeal if he thought proper instead of resorting to his writ of error, his right to which was in no way impaired by the act of 1785, ch. 87, sec. 6. If this court have given a judicial interpretation to the act of 1785, ch. 87, sec. 6, by declaring generally that where the party before that act, was entitled to a writ of error, since that act he may at his option adopt an appeal—the only inquiry in the case at bar would be, 'would a writ of error have been the proper remedy before the act of 1785, ch. 87, sec. 6. The motion to dismiss the appeal in this case, therefore, naturally presents two inquiries which will be examined in the order in which they are submitted. 1st. Has this court judicially interpreted the act of 1785, ch. 87, sec. 6, as conferring upon a party entitled before that act to a writ of error, the power after that act, at his election to take a writ of error or an appeal. 2dly. If so, would a writ of error before the act of 1785, ch. 87, sec. 6, have been the proper remedy of the appellee in the case at bar.

It is insisted most respectfully that the first proposition is entirely sustained by the decision of this court in *Queen vs. The State,* 5 *Har. and John.* 233, and that giving to the language of the court in that case a reasonable and rational con-

struction, it follows, that if in this case a writ of error would lie, an appeal will lie.   It is not pretended that the facts in that case and those in this are at all similar, except so far as they may be both regarded as criminal proceedings.   The principles laid down by the court in the case alluded to, must be regarded as general principles, intended, to enlighten the profession as to the general scope of the act in question, and the rights of parties to appeals under it.   The decision of the court in *Queen vs. State,* if intended merely to prove that in that case the bill of exceptions was improperly taken to the decision of the court below upon the evidence offered at the trial, and the appeal properly taken from the decision of the court below overruling the motion in arrest of judgment, was in many of its parts unnecessary.   What was that case? It was an indictment for a penalty under the act of 1796, ch. 67, sec. 19, for assisting a slave in eloping from her master. In the progress of the cause there was a bill of exceptions taken to the opinion of the court in reference to the admissibility of certain evidence, and there was also an appeal taken from the decision of the court overruling a motion in arrest of judgment for certain alleged defects in the record.   Two questions therefore presented themselves—1st. Whether the bill of exceptions was properly taken—and 2dly, Whether the appeal from the decision overruling the motion was properly taken.    That the appeal from the decision of the court below upon the motion in arrest of judgment was properly taken under the act of 1785, ch. 87, sec. 6, no intelligent mind could doubt, because the indictment was for a *penalty,* and the act in question gives a party "full power and right to appeal from a judgment in a prosecution for the recovery of any penalty, fine, or damages."   No argument therefore was necessary to establish the right of the party to his appeal in that case from the decision of the court overruling his motion in arrest of judgment, and so the court thought, for they dismissed that part of the subject in two sentences, in the following words : "The court are of opinion that the indictment in this case is sufficient, and they affirm the judgment

of the court below—this being a question of law apparent on the record, the party was authorized to appeal by the act of 1785, ch. 87, sec. 6." If they do not say expressly in the last of the sentences above quoted, that wherever a question of law is apparent on the record, the party is authorized to appeal by the act of 1785, ch. 87, sec. 6, they certainly come very near it; for they say that the party was authorized to appeal in that case, by the act of 1785, ch. 87, sec. 6, " the decision appealed from being a question of law apparent on the record." Now at common law it is very clear that where the error was apparent upon the record the party was in all cases, except perhaps treason and felony, entitled to his writ of error. 1 *Bac. Abr.* 614. *Salk,* 504. *Show.* 85, 98. 6 *Mod.* 130. If, therefore, the court had gone no further in their decision than to use the above language upon the subject, it might still have been fairly argued that they meant it should be inferred that an appeal under the act of 1785, ch. 87, sec. 6, would lie in a case fit for a writ of error. But they have not left us to inference from the above language— they have expressed the above idea in the clearest language imaginable. After asserting, as is unquestionably true, that at common law there was no bill of exceptions, and that the statute of Westminster which first provided a bill of exceptions, gave it only in civil cases, and not in criminal ones, and that the act of 1785, does not give a bill of exceptions in the criminal cases therein enumerated; the court use the following lucid and emphatic language which it would seem cannot be misunderstood as a judicial interpretation of the act in question for the regulation of the profession in the taking of appeals. " Before that act, if error appeared on the record it could be carried to the court of Appeals only by a writ of error; this was attended in many cases with expense and inconvenience, to remedy which, the legislature gave the party complaining an election to carry up the case either by writ of error or appeal, and *this is the only effect of that act of assembly !*" The language of the court in the above sentence is general, applying to all writs of error—it is perfectly

clear and unambiguous. It was not *necessary to have been used in the above case,* either for the purpose of shewing that the bill of exceptions was improperly taken, or the appeal from the decision overruling the motion in arrest of judgment, *properly taken.* It emphatically declares that if in any case a writ of error will lie, in the same case an appeal at the option of the party will also lie, and the party in all such cases may determine for himself whether he will save expense or obviate inconvenience by the one remedy or the other and act accordingly. Without further argument, therefore, it appears that if in the case at bar a writ of error would have been an appropriate remedy before the act of 1785, ch. 87, sec. 6, the appeal which has been taken must be sustained. Upon the second point to prove that a writ of error would lie both before and since the act of 1785, ch. 87, sec. 6, he referred to, 4 *Har. and McHen.* 3 *Fitzherbert's natura Brevium,* 214. 1 *Har. and John.* 340. 1 *Salkeld,* 264. 1 *Har. and McHen.* 538. 1 *Show.* 13, 260. 1 *Levin,* 149. *Co. Lit.* 268 *a* 3 *Thos. Co.* 554. 1 *Bacon.* 325. 2 *Salk.* 504. 3 *Black,* 411.

T. S. ALEXANDER, for the appellant:

A writ of error lies in all cases of final judgment from the King's Bench to Parliament. In cases of discretion or judgments not final, appeals do not lie. To remedy errors in interlocutory decrees, these are received after final judgment. The provincial court exercised the power of the court of King's Bench, and it was not founded on state. The governor and council reviewed the provincial court, just as Parliament reviewed the King's Bench. The general court took the place of the provincial court, and the court of Appeals reviewed its proceedings. Then the county courts took the place of the general court.

The 56th article of the constitution gave the court of Appeals jurisdiction with no limitation on that power.

The act of 1804, gives the present court of Appeals, jurisdiction of the old court of Appeals, and the appellate

jurisdiction of the old general court combined. It unites both jurisdictions in its power of review.

The act of 1785, ch. 87, sec. 6, only determines the final appellate jurisdiction of the general court. It establishes the jurisdiction of the county courts, and allows an appeal from them to the general court. It is silent as to jurisdiction of the court of Appeals, and does not limit it. The jurisdiction of the court of Appeals is found in the principles of the general common law, and not in the act of 1785.

A writ of error in a criminal cause is *ex debito justitiæ.*

By act of 1713, ch. 4, sec. 5, an appeal lies in all cases where writ of error lies. It applies to all cases civil and criminal, and the appeal in *Queen's* case, shows it is not confined to party and party, but extends to the public. 3 *Bacon Abr.* 250. *Lord Proprietary vs. Brown*, 1 *Har. and McHenry*, 428. *State vs. Scribner*, 2 *Gill and John.* 246.

A. C. Magruder, in reply.

In cases of forcible entry and detainer a *certiorari* may go. The grounds must be stated. Here the grounds of the application were declared, and the writ issued. The objections were not sustained by the county court. Then will an appeal lie? The analogy borrowed from the appellate power of the house of lords does not apply.

Before the act of 1785, an appeal was allowed, but it flowed from our own legislative acts of 1712, 1713. Now the act of 1713, does not apply to this class of cases. No act but 1785, authorizes an appeal in criminal cases, and it does not embrace this class. *Queen's* case is no authority, that was for a fine, and the court in deciding that cause confined the right to the cases enumerated. *Expressio unius est exclusio alterius.*

Dorsey, Judge, delivered the opinion of the court.

From the numerous authorities referred to in shewing cause why this appeal should not be dismissed, it would appear to have been assumed by the appellant, that an appeal

would lie from the judgment of the county court to this court, in all cases where a writ of error would lie. To this position we cannot assent. The act of 1713, ch. 4, entitled " an act for regulating writs of error and granting appeals from and to the courts of common law within the province," applies to civil cases only. The proceedings in cases of forcible entry and detainer, form a part of our criminal, not civil jurisprudence; and therefore, the right of appeal in such cases, is not provided for by that act. If it exist at all, it can only be derived from the act of 1785, ch. 87, sec. 6, which enacts " that any party or parties aggrieved by any judgment or determination of any county court, in any civil suit or action, or any prosecution for the recovery of any penalty, fine, or damages, shall have full power and right to appeal from such judgment or determination to the general court." Under this latter act of assembly, the case of the appellant cannot be sustained, there being no judgment or determination of the county court for any penalty, fine, or damages: the sole effect of the proceeding being the finding an inquisition against the appellant, for the forcible entry and detainer, and the award of restitution with costs to the appellee. *Jenifer vs. The Lord Proprietary,* 1 *Har. and McHenry,* 535. The appeal in this case is dismissed.

We wish it understood that in deciding this case we mean to intimate no opinion upon the question, whether this court would have appellate jurisdiction in this case had it been brought up by writ of error.

APPEAL DISMISSED.